UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-CR-00115-LRH-RAM |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| AARON ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Aaron Ross's ("Ross") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. #119.[1] The United States filed a Response (Doc. #125), to which Ross did not reply.

**I.  Factual Background**

On September 6, 2011, Defendant was convicted, following a jury trial, of two counts of transporting a minor across state lines for the purpose of prostitution in violation of 18 U.S.C. § 2423(a). Doc. #8; Doc. #98. The Court sentenced Ross to 168 months imprisonment, to be followed by 20 years of supervised release. *Id.* Ross appealed, and on September 14, 2012, the Ninth Circuit Court of Appeals affirmed his conviction and sentence in an unpublished opinion. *United States v. Ross*, 492 Fed. Appx. 808 (9th Cir. 2012). On September 13, 2013, Ross, acting

---

[1] Refers to the Court's docket number.

*pro se*, filed the instant Motion before the Court. Doc. #119. The United States filed a Response on October 28, 2013. Doc. #125. Ross did not file a Reply.

## II. Discussion

Ross asserts that his appellate counsel was ineffective because he failed to seek a stay of Ross's appeal pending the Supreme Court's adjudication of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *See* Doc. #119, p. 4. More specifically, Ross maintains that under *Alleyne*, the organizer, leader, manager or supervisor sentencing enhancement (U.S.S.G. § 3G1.1(c)), which the Court applied to his base offense level, should have been submitted to a jury and proven beyond a reasonable doubt. *See id.* at 5.

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005). To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that the petitioner was prejudiced as a result of this performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to show prejudice, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (citing *Strickland*, 466 U.S. at 688-89).

Ross's interpretation of *Alleyne* is incorrect. In *Alleyne*, the Supreme Court held that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "a fact increasing either end of the [sentencing] range produces a new penalty and constitutes an ingredient of the offense" and "must, therefore, be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2160-63. The Supreme

2

Court was careful, however, to note that their ruling "does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.* at 2163.

Here, the Court finds that its application of the organizer, leader, manager or supervisor sentencing enhancement (U.S.S.G. § 3G1.1(c)) to Ross's base offense level is wholly consistent with the broad discretion of a judge to select a sentence within the range authorized by law. In applying the aforementioned enhancement, the Court did not increase the prescribed mandatory minimum sentence, and thus *Alleyne* is inapplicable. Consequently, Ross cannot establish that his counsel's performance was deficient or that he was prejudiced as a result. Ross's Motion pursuant to 28 U.S.C. § 2255 is therefore without merit and shall be denied.

IT IS THEREFORE ORDERED that Ross's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #119) is DENIED.

IT IS SO ORDERED.

DATED this 31st day of December, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE